UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Yanet Garcia,

    Plaintiff,

v.

Bridgestone Retail Operations, LLC, d/b/a Tires Plus,

    Defendant.

_____/

Case No.:

## NOTICE OF REMOVAL

Defendant, Bridgestone Retail Operations, LLC d/b/a Tires Plus (hereafter referred to as "Bridgestone Retail"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to the United States District Court, Southern District of Florida, the action currently pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, entitled *Yanet Garcia v. Bridgestone Retail Operations, LLC d/b/a Tires Plus*, Case No. CACE 22-002330 Div. 03 (the "Broward County state court action"), on the following grounds:

1.    This Notice of Removal is founded upon complete diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff, Yanet Garcia ("Plaintiff"), originally filed her Broward County state court action on February 22, 2022, seeking to recover money damages from Bridgestone Americas, Inc. for alleged personal injuries she sustained in a slip and fall incident at a Tires Plus auto service center located in Broward County, Florida. Bridgestone Americas, Inc., however, is not the owner or operator of the subject Tires Plus auto service center. Instead, Bridgestone Retail Operations, LLC is the entity that owns and/or operates the Tires Plus auto service center at issue. Plaintiff was advised of the same and, in turn, agreed to

file an amended complaint naming Bridgestone Retail as the defendant, and removing Bridgestone Americas, Inc. as a defendant in the action.

2. As such, Bridgestone Retail was first made a Defendant in the Broward County state court action on March 9, 2022, when Plaintiff filed her Amended Complaint. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "A" and incorporated by reference in compliance with 28 U.S.C. § 1446(a).

3. True and correct copies of all process, pleadings, and orders in the State Court Action not previously referenced are attached as Exhibit "B."

4. Plaintiff avers that at all times material hereto, she was and is a citizen and domicile of Broward County, Florida. *See* Exhibit "A," Amended Compl. ¶ 2.

5. Plaintiff also avers that Bridgestone Retail is, and at all times material hereto was, a *corporation* incorporated under the laws of the state of Delaware. *See* Exhibit "A," Amended Compl. ¶ 3. As indicated by its legal name, Bridgestone Retail is, in fact, a limited liability company organized under the laws of the state of Delaware with its principal place of business being in Tennessee. *See*. Exhibit "C" at ¶¶ 3, 4, Declaration of Nick Mann on behalf of Bridgestone Retail Operations, LLC. *See also* Exhibit "D," Florida Department of State, Division of Corporations, online listing for Bridgestone Retail Operations, LLC (listing Bridgestone Retail as a "Foreign Limited Liability Company.").

6. For purposes of determining diversity jurisdiction, the citizenship of a limited liability company is the citizenship of each of its members. *Silver Crown Investments, LLC v. Team Real Estate Management, LLC*, 349 F.Supp. 3d 1316, 1324 (S.D. Fla. 2018).

7. The sole member of Bridgestone Retail is Bridgestone Americas, Inc. Bridgestone Americas, Inc. is a Nevada corporation with its principal place of business in Tennessee. *See also,*

Exhibit C at ¶ 4. For purposes of diversity jurisdiction, Bridgestone Americas is therefore deemed to be a citizen of Nevada and Tennessee. As such, there is complete diversity between Plaintiff and Bridgestone Retail.

8. Plaintiff on the face of her Amended Complaint seeks damages *in excess of* $75,000.00, exclusive of costs and interest. *See* Exhibit "A," Amended Compl. ¶ 1. Additionally, on September 2, 2021, Plaintiff made a written settlement demand upon Bridgestone Retail in the amount of $650,000.00 for the alleged injuries and damages she allegedly sustained in or related to the alleged slip and fall. *See* Exhibit "E," September 2, 2021 Written Settlement Demand by Plaintiff.

9. Plaintiff's September 2, 2021 written settlement demand contains a statement of Plaintiff's alleged medical bills from various providers, including Cleveland Clinic Florida, Conduent, and Coastal Health Group, totaling $220,844.05, all of which is alleged to be for medical treatment stemming from the alleged slip and fall incident. *See* Exhibit "E".

10. In addition to the face of the Amended Complaint seeking damages in excess of $75,000.00, exclusive of interests and costs, a written demand qualifies as an "other paper" from which the amount in controversy may be ascertained to establish that the case is removable under 28 U.S.C. § 1446(b). *See Katz v. J.C. Penny Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *5 (S.D. Fla. June 1, 2009); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001); *Rollo v. Keim*, No. 3:09cv146, 2009 WL 1684612, at *3 (N.D. Fla. June 16, 2009). Federal courts in Florida have consistently relied on written settlement demands in finding cases removable under 28 U.S.C. §§ 1441 and 1446. *See, e.g., Katz*, 2009 WL 1532129, at *5 ("The Court concludes that Defendant has met its burden of establishing the amount in controversy based on information received from Plaintiffs in the pre-suit demand package."); *Rollo*, 2009 WL 1684612, at *3

#156023951_v1

("Based on the special damages for Carol Rollo outlined in the demand letter, together with the likelihood of general damages when such specials are proven and the additional loss of consortium claim for Michael Rollo, it is evident to the court from the removal papers that the amount in controversy in this case exceeds $75,000, exclusive of costs and interest."); *Klausmeyer v. Tyner Law Firm*, No. 08-81286, 2008 WL 5273593, at *2 (S.D. Fla. Dec. 18, 2008) ("Lastly, attached to the Notice of Removal is Plaintiff's demand letter for $250,000. Thus, based on this record, the amount in controversy is also met."); *Fellows v. E and J Enterprises of Collier County, Inc.*, No. 205CV561FTM29SPC, 2006 WL 314505 (M.D. Fla. Feb. 9, 2006) (concluding that defendant had satisfied its burden as to the jurisdictional amount based on demand letter from plaintiff's counsel proffering settlement demand of $500,000 plus $150,000 in attorney fees).

11. In this case, the face of Plaintiff's Amended Complaint, coupled with Plaintiff's written settlement demand and the medical bills claimed by Plaintiff to relate to the alleged slip and fall incident, demonstrate that the amount in controversy in this action exceeds $75,000.

12. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed by Bridgestone Retail, within one year after service of the initial Summons and Complaint in the Broward County state court action, and within thirty days after filing of the Amended Complaint naming Bridgestone Retail as a Defendant, and when diversity of citizenship was established in the Broward County state court action between Plaintiff and Bridgestone Retail.

13. Written notice of the filing of this Notice of Removal is being served on Plaintiff, the only other party in the Broward County state court action, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, in the Broward County state court action, in compliance with 28 U.S.C. 1446(d).

WHEREFORE, Defendant Bridgestone Retail Operations, LLC requests that the above-styled action now pending against it in the Circuit Court in and for Broward County, Florida, be removed to this Court.

Date: March 21, 2022

                                      Respectfully Submitted,

                                      HOLLAND & KNIGHT LLP
*Attorneys for Bridgestone Americas Tire Operations, LLC*
701 Brickell Ave., Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By: s/ Lee P. Teichner
     Lee P. Teichner
     Florida Bar No.: 816280
     Lee.teichner@hklaw.com
     Taariq Lewis
     Florida Bar No.: 1031385
     Taariq.lewis@hklaw.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

                                      /s/Lee Teichner
                                      Lee Teichner

Jordan Kirby, Esq.
**RUBENSTEIN LAW, P.A.**
261 N. University Drive, Suite 700
Plantation, FL 33324
jkirby@rubensteinlaw.com