# Exhibit "B"

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

Yanet Garcia
Plaintiff

Case # _____
Judge _____

vs.

Bridgestone Americas, Inc., d/b/a Tires Plus
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 02/14/2022 12:55:45 PM.****

Case Number: CACE-22-002330 Division: 03

Filing # 143858311 E-Filed 02/14/2022 12:55:46 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

YANET GARCIA,

    Plaintiff,

v.

BRIDGESTONE AMERICAS, INC.,

    Defendant.

CIVIL DIVISION

CASE NO.:

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the COMPLAINT, INTERROGATORIES, REQUEST FOR PRODUCTION, AND EMAIL DESIGNATION in this action on Defendant:

**BRIDGESTONE AMERICAS, INC.,
C/O UNITED AGENT GROUP INC.
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Jordan Kirby, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON:  on this ____ day      FEB 16 2022

Clerk of Said Court

BY: _____ Clerk

(Co

BRENDA D. FORMAN

Filing # 143858311 E-Filed 02/14/2022 12:55:46 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**Yanet Garcia,**                                                    CIVIL DIVISION

      Plaintiff,                                                    CASE NO.:

v.

**Bridgestone Americas, Inc., d/b/a Tires Plus,**

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **Yanet Garcia**, by and through the undersigned counsel, hereby sues the Defendant, **Bridgestone Americas, Inc., d/b/a Tires Plus,** and allege as follows:

1.      This is an action for damages which exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.      At all times material hereto, the Plaintiff, **Yanet Garcia**, was and is a citizen and domicile of Broward County, Florida, and is otherwise *sui juris.*

3.      At all times material hereto, the Defendant, **Bridgestone Americas, Inc., d/b/a Tires Plus,** was and is a Foreign Profit Corporation and a citizen of the state of Nevada, actively doing business in Cooper City, Broward County, Florida.

4.      Venue is proper in this County in that the Defendant does business in Broward County, Florida, and/or all of the acts complained of herein occurred in Broward County, Florida.

5.      That on September 27, 2019, the Plaintiff was a business invitee of the Defendant's premises located at 5524 S. Flamingo Road, Cooper City, FL 33330.

## COUNT I – PLAINTIFF'S NEGLIGENCE CLAIM AGAINST DEFENDANT

6.      That at all times material hereto, and specifically on September 27, 2019, Defendant, **Bridgestone Americas, Inc., d/b/a Tires Plus,** owned, managed, controlled, operated, and/or maintained the premises located at 5524 S. Flamingo Road, Cooper City, Florida 33330, in Broward County.

7.      That on September 27, 2019, the Plaintiff, **Yanet Garcia,** was lawfully in Defendant's premises when she was directed by an employee to enter a bay where vehicles are repaired and maintained when she slipped and fell on a liquid substance on the floor.

8.      That the Defendant owed to its business invitees a duty to provide a reasonably safe environment and to warn of any dangerous conditions.

9.      That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining the subject premises in the following manner:

a.      By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquid substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b.      By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c.      By failing to place barricades, signs, cones, or other marking devices inside the premises to alert patrons such as the Plaintiff of dangerous conditions such as what existed at the time of Plaintiff's incident; and/or

d.      By failing to correct, clean, remove and/or remedy the aforementioned hazardous/dangerous condition [i.e. existence of transitory and/or other foreign substances on the floor of the premises]; and/or

- 2 -

e.     By failing to properly, routinely, and/or regularly inspect, monitor, and/or check the subject premises, for the presence of any dangerous and/or hazardous conditions like the existence of transitory and/or other foreign substances on the floor of the premises, and which should have been discovered and corrected prior to the Plaintiff's incident; and/or

f.     By allowing the Plaintiff to enter the working area of the Defendant when the Defendant either knew or should have know that dangerous conditions such as a liquid substance on the floor would routinely be there during working hours; and/or

g.     Was otherwise negligent in the care, maintenance, and upkeep of the subject premises.

10.     That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff; the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or that the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such regularity that the Defendant should have known of its existence.

11.     As a direct and proximate result of the aforementioned negligence of the Defendant, the Plaintiff suffered significant and severe bodily injury that is permanent within a reasonable degree of medical probability, along with resulting pain and suffering, disability, aggravation of pre-existing injuries, scarring and/or disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer these losses into the future.

- 3 -

WHEREFORE, Plaintiff, **Yanet Garcia**, hereby demands judgment for damages, costs and interest from the Defendant, **Bridgestone Americas, Inc., d/b/a Tires Plus,** together with whatever additional relief the Court deems just and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff, **Yanet Garcia,** hereby demands trial by jury of all issues so triable as a matter of right.

Dated: _____

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
261 N. University Drive, Suite 700
Plantation, FL 33324
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: jkirby@rubensteinlaw.com
            atello@rubensteinlaw.com
            eservice@rubensteinlaw.com

By:      /s/ *Jordan Kirby*
         **JORDAN KIRBY**
         Florida Bar No.: 67217

- 4 -

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**Yanet Garcia,**                                              CIVIL DIVISION

    Plaintiff,                                              CASE NO.:

v.

**Bridgestone Americas, Inc., d/b/a Tires Plus,**

    Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVING
### INTERROGATORIES TO DEFENDANT

The Plaintiff, **YANET GARCIA,** by and through the undersigned attorney and pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby gives notice of propounding Plaintiff's Interrogatories upon the Defendant, **BRIDGESTONE AMERICAS, INC., d/b/a TIRES PLUS,** to be answered within forty-five (45) days from the date of service.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **BRIDGESTONE AMERICAS, INC., d/b/a TIRES PLUS.**

Dated: _____

                                    **RUBENSTEIN LAW, P.A.**
                                    Attorneys for Plaintiff
                                    261 N. University Drive, Suite 700
                                    Plantation, FL 33324
                                    Phone: (305) 661-6000
                                    Fax: (305) 670-7555
                                    Email: jkirby@rubensteinlaw.com
                                           atello@rubensteinlaw.com
                                           eservice@rubensteinlaw.com

                                  By: _/s/ Jordan Kirby_
                                    **JORDAN KIRBY**
                                    Florida Bar No.: 67217

## PLAINTIFF'S INITIAL INTERROGATORIES TO DEFENDANT

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1.   State the full name, address and position with Defendant of the person answering these interrogatories.

2.   State the full name, address (or last known address), telephone number (or last known telephone number), and position with Defendant of the person(s) who was responsible for the inspection, maintenance, and/or cleaning of the area where Plaintiff fell on September 27, 2019.

3.   State whether the Defendant, its agents, servants or employees received any notification on September 27, 2019, about the condition of the area (including any liquid substance on the floor, debris on the floor, equipment leaking liquid on the floor, etc.) where Plaintiff fell prior to Plaintiff's fall on September 27, 2019. Please provide the full name(s) and address(es) of the person(s) who made the notification, the date and time of the notification, and the nature of the notification.

4.   Please state whether there have been any other customer slip and fall incidents at the Defendant's premises within the bay area located at 5524 S. Flamingo Road, Cooper City, FL 33330, during the three (3) years before the subject incident? If so, please provide:

     (a)   Number of slip and falls?

     (b)   Date of each slip and fall?

     (c)   Name, address, and telephone number and/or email address of each person who slipped and fell?

     (d)   Whether or not the person reported any bodily injuries?

     (e)   Identify the substance or hazardous condition that was reported to have caused the slip and fall (e.g. oil, soap, slippery liquid, water, debris, etc.)

5.   With respect to each occurrence (if any) identified in the preceding interrogatory, please state the following:

     (a)   Whether Fire Rescue reported to the scene?

     (b)   Whether a claim was made against the Defendant?

     (c)   Whether a lawsuit was filed, and if so, please provide the case number?

6.   State the full name, address (or last known address), and telephone number (or last known telephone number) of each eyewitness known to the Defendant to all or part of Plaintiff's incident on September 27, 2019.

7.   State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, that are known to the Defendant who were at or near the scene of Plaintiff's incident within one (1) hour before the incident on September 27, 2019. This request seeks the Defendant to identify all persons that it can from any surveillance footage available to the Defendant in the area of the subject incident.

8.   State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, that the Defendant knows of who arrived at the incident scene within one (1) hour after Plaintiff's incident on September 27, 2019. This request seeks the Defendant to identify all persons that it can from any surveillance footage available to the Defendant in the area of the subject incident.

9.   State the full name, address (or last known address), telephone number (or last known telephone number), and title/position of the person(s) known to the Defendant who was *first made aware* of the Plaintiff's slip and fall incident on September 27, 2019 at the subject area.

10.  State the full name, address (or last known address), and telephone number (or last known telephone number) of each person(s) who investigated the facts and circumstances of Plaintiff's incident on September 27, 2019, for you or your insurance carrier. This request does not seek the information of any attorney who may have later investigated this matter.

11.  State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, who has given or provided a statement (in any form taken or given) concerning Plaintiff's incident on September 27, 2019.

12.  If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on September 27, 2019, state the full name and address of the person who made the report, the date it was made and who maintains custody of it.

13.  State the full name(s), address(es) (or last known address(es)), and telephone number(s) (or last known telephone number(s)) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

14.  Describe the frequency and times of any regular inspections made of the bays located at the Defendant's premises at 5524 S. Flamingo Road, Cooper City, FL 33330, for debris or substances on the floors prior to the Plaintiff's slip and fall incident on September 27, 2019. State the full name, address, and job title of the person who made the last inspection of the subject area.

15.  State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's slip and fall incident on September 27, 2019.

16.    State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's incident on September 27, 2019 or any photographs of the Plaintiff taken on September 27, 2019. If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

17.    Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on September 27, 2019.

18.    If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on September 27, 2019, give a concise statement of the fact upon which you rely

19.    Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on September 27, 2019 as described in the Complaint? If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention

20.    Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

21.    Did the Defendant have any security cameras operating on the premises of the subject property located at 5524 S. Flamingo Road, Cooper City, FL 33330 on September 27, 2019? Additionally, did the Defendant have any security cameras operating in the general area where Plaintiff's incident occurred on September 27, 2019? If so, did the security cameras capture this incident as it occurred?

22.    Please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes at the time of the subject incident.

23.    Does Defendant have video recording footage from the day of the Plaintiff's fall on September 27, 2019, of the subject area and any video which depicts the Plaintiff including the two-hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

24.    Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

_____
AFFIANT

STATE OF FLORIDA        )
COUNTY OF _____ )

    BEFORE   ME,   the   undersigned   authority,   personally   appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

    SWORN   TO   AND   SUBSCRIBED   before   me   on   this  _____   day   of _____, 2022.

_____
NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

My Commission Expires:
Personally known:                    _____
or Produced Identification:          _____
Type of Identification Produced:     _____

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**YANET GARCIA,**                                                 CIVIL DIVISION

                                                                 CASE NO.:

       Plaintiff,

v.

**BRIDGESTONE AMERICAS, INC.,**

       Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

The Plaintiff, **YANET GARCIA,** by and through the undersigned attorneys and pursuant

to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant, **BRIDGESTONE**

**AMERICAS, INC.,** produce for inspection and/or photocopying within forty-five (45) days from

the date of service of this request, at Rubenstein Law, 9130 S. Dadeland Blvd, PH, Miami, FL

33156, the following:

1.      Any and all policies, protocols, guidelines, instructions, procedures, or other
written documents that were in effect on September 27, 2019 which discuss,
concern, relate and/or pertain to maintaining, cleaning, and/or preventing foreign
substances from being on the floors of the bays at Defendant's subject property at
5524 S. Flamingo Road, Cooper City, FL 33330.

2.      Any and all policies, protocols, instructions, pamphlets, and/or procedures of the
Defendant in effect on September 27, 2019 that discuss, relate, and/or concern
having, downloading, preserving, and/or maintaining surveillance video for the
subject property at 5524 S. Flamingo Road, Cooper City, FL 33330.

3. Any photographs or videos taken by or on behalf of the Defendant that relate to the parties and/or scene of the alleged slip and fall incident on September 27, 2019 at 5524 S. Flamingo Road, Cooper City, FL 33330.

4. Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5. Any and all statements obtained from any non-party concerning any of the issues in this lawsuit.

6. Any and all insurance policies that do or may provide coverage for any of the Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7. Any and all surveillance or other video recordings depicting the interior and/or exterior of Defendant's property located at 5524 S. Flamingo Road, Cooper City, FL 33330 on September 27, 2019, including the two-hour period before the alleged incident and the two-hour period after the alleged incident. *This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.*

8. All records, writings or other written memoranda concerning any other slip and fall incidents at the subject property where this incident occurred, within the three (3) years before the subject incident.

9. A list of all city/county ordinances, regulations, rules, customs, practices and/or other publications that Defendant contends support any of the affirmative defenses asserted in its Answer to Plaintiff's Complaint.

10. A *blank copy* of the Defendant's required incident/accident report forms that would have been completed by its employees in the event that a slip and fall occurred on the Defendant's property located at 5524 S. Flamingo Road, Cooper City, FL 33330 and that were in effect on September 27, 2019.

11. Any and all incident reports or accident reports pertaining to the subject incident with **YANET GARCIA** described in Plaintiff's Complaint.

12. A list of the names and addresses of all individuals and/or entities that were working at the Defendant's premises on the date of the incident on September 27, 2019.

13. All documents, invoices, payments, work orders, etc., that show how frequently the subject property was inspected and/or cleaned on the date of Plaintiff's fall [September 27, 2019].

14.   A copy of any report created as a result of the Plaintiff's slip and fall incident on September 27, 2019, that was signed and/or filled out by the Plaintiff.

15.   A copy of any witness statement, incident report, or other document created as a result of the Plaintiff's incident on September 27, 2019.

16.   A map (aerial view) of the Defendant's property located at 5524 S. Flamingo Road, Cooper City, FL 33330 identifying the layout of the property as it existed on the date of the incident [September 27, 2019].

17.   A map and/or layout of where surveillance cameras are placed/utilized within the subject property on the date of the alleged incident [September 27, 2019] and what areas those surveillance cameras (if any) would depict and/or capture.

18.   Copies of any and all documents, photographs, and/or video that was identified in your Answers to Plaintiff's Interrogatories.


I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, **BRIDGESTONE AMERICAS, INC.,**

**d/b/a Tires Plus.**


Dated: _____

                                        **RUBENSTEIN LAW, P.A.**
                                        Attorneys for Plaintiff
                                        RUBENSTEIN LAW, P.A
                                        9130 S. Dadeland Blvd, PH
                                        Miami, FL 33156
                                        Tel: (305) 661-6000
                                        Fax: (305) 670-7555
                                        Email: jkirby@rubensteinlaw.com
                                                   atello@rubensteinlaw.com
                                                   eservice@rubensteinlaw.com


                                        By:   /s/ *Jordan Kirby*_____
                                              **Jordan Kirby**
                                              Florida Bar No.: 67217

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**YANET GARCIA,**

      Plaintiffs,

v.

**BRIDGESTONE AMERICAS, INC.,**

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

PLEASE BE ADVISED that the Plaintiff, **Yanet Garcia,** by and through the undersigned counsel, in accordance with Florida Rule of Civil Procedure 1.080 and Florida Rule of Judicial Administration 2.516, hereby designates undersigned counsel's primary and secondary electronic mail addresses in the above-styled action, and respectfully requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served at the primary and secondary e-mail addresses listed below, with such service e-mail complying with Rule 2.516(b)(1)(E).

Primary: jkirby@rubensteinlaw.com
Secondary: atello@rubensteinlaw.com
eservice@rubensteinlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 14th day of February 2022.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff

261 N. University Drive, Suite 700
Plantation, FL 33324
Tel: (305) 661-6000
Fax: (305) 670-7555
Email:  jkirby@rubensteinlaw.com
        atello@rubensteinlaw.com
        eservice@rubensteinlaw.com

By:  _/s/ Jordan Kirby_
  **JORDAN KIRBY**
  Florida Bar No.: 67217

FEB 2 2 2022

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
## AND FOR BROWARD COUNTY, FLORIDA

Case No: _CACE-22-002330_

_Yanet Garcia_
_____
Plaintiff

Judge Division: _____03_____

VS

_Bridgestone Americas_
_____
Defendant

_Inc_

FILED
FEB 16 2022
By _CL_

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74-UFC:
**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

**The Clerk has conducted a search for all previous existing civil cases related to these two parties.**

**Listed below are all the aforementioned related cases:** NONE

Brenda D. Forman
Circuit and County Courts

By: _____CL_____

Deputy Clerk

# RETURN OF SERVICE

**State of Florida**

**County of Broward**

**Circuit Court**

Case Number: CACE-22-002330

Plaintiff:
**YANET GARCIA**

vs.

Defendant:
**BRIDGESTONE AMERICAS, INC.,**


JRT2022053196

For:
JORDAN KIRBY
RUBENSTEIN LAW, P.A. (FT. LAUDERDALE)
261 N. UNIVESITY DRIVE
SUITE # 700
PLANTATTION, FL 33324

Received by Anthony Woods on the 17th day of February, 2022 at 1:03 pm to be served on **BRIDGESTONE AMERICAS, INC., C/O UNITED AGENT GROUP INC., 801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408.**

I, Anthony Woods, do hereby affirm that on the **22nd day of February, 2022 at 10:19 am,** I:

**CORPORATE REGISTERED AGENT EMPLOYEE:**  served by delivering a true copy of the **Summons, Complaint For Damages And Demand For Jury Trial,Interrogatories, Request For Production,  AND Email Designation** with the date and hour of service endorsed thereon by me, to: **Alicia Ybarra** who is an employee for the Registered Agent for **BRIDGESTONE AMERICAS, INC.,** at the address of **801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408,** and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081(3)(a) or other state statute as applicable after having first made an attempt during registered agent hours and the registered agentnot being available.

**Description** of Person Served: Age: 28, Sex: F, Race/Skin Color: Hispanic, Height: 5'5", Weight: 215, Hair: Black, Glasses: N

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.  I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the county in which service was effected in accordance with State Statutes.

**Anthony Woods**
Process Server 2078

**EXECUTIVE EXPRESS COURIER & PROCESS SERVICES**
**4460 NW 73 AVE**
**MIAMI, FL 33166**
**(305) 371-0292**

Our Job Serial Number: JRT-2022053196
Ref: 357399 GARCIA VS BRIDGESTONE

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2n

Case 0:22-cv-60587-JIC   Document 1-2   Entered on FLSD Docket 03/21/2022   Page 22 of 29

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**Yanet Garcia,**                                           CIVIL DIVISION

    Plaintiff,                                            CASE NO.: CACE-22-002330
                                                            DIV: 03
v.

**Bridgestone Retail Operations, LLC, d/b/a Tires Plus,**

    Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVING
### AMENDED INTERROGATORIES TO DEFENDANT

    The Plaintiff, **Yanet Garcia,** by and through the undersigned attorney and pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby gives notice of propounding Plaintiff's Amended Interrogatories upon the Defendant, **Bridgestone Retail Operations, LLC, d/b/a Tires Plus,** to be answered within forty-five (45) days from the date of service.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **Bridgestone Retail Operations, LLC, d/b/a Tires Plus.**

    Dated this 9th day of March, 2022.

                               **RUBENSTEIN LAW, P.A.**
                               Attorneys for Plaintiff
                               261 N. University Drive, Suite 700
                               Plantation, FL 33324
                               Phone: (305) 661-6000
                               Fax: (305) 670-7555
                               Email: jkirby@rubensteinlaw.com
                                      atello@rubensteinlaw.com
                                      eservice@rubensteinlaw.com

                            By: _/s/ Jordan Kirby_
                               **JORDAN KIRBY**
                               Florida Bar No.: 67217

CACE-22-002330 DIV: 03

## **PLAINTIFF'S INITIAL INTERROGATORIES TO DEFENDANT**

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1.     State the full name, address and position with Defendant of the person answering these interrogatories.

2.     State the full name, address (or last known address), telephone number (or last known telephone number), and position with Defendant of the person(s) who was responsible for the inspection, maintenance, and/or cleaning of the area where Plaintiff fell on September 27, 2019.

3.     State whether the Defendant, its agents, servants or employees received any notification on September 27, 2019, about the condition of the area (including any liquid substance on the floor, debris on the floor, equipment leaking liquid on the floor, etc.) where Plaintiff fell prior to Plaintiff's fall on September 27, 2019. Please provide the full name(s) and address(es) of the person(s) who made the notification, the date and time of the notification, and the nature of the notification.

4.     Please state whether there have been any other customer slip and fall incidents at the Defendant's premises within the bay area located at 5524 S. Flamingo Road, Cooper City, FL 33330, during the three (3) years before the subject incident? If so, please provide:

    (a)     Number of slip and falls?

    (b)     Date of each slip and fall?

    (c)     Name, address, and telephone number and/or email address of each person who slipped and fell?

    (d)     Whether or not the person reported any bodily injuries?

    (e)     Identify the substance or hazardous condition that was reported to have caused the slip and fall (e.g. oil, soap, slippery liquid, water, debris, etc.)

5.     With respect to each occurrence (if any) identified in the preceding interrogatory, please state the following:

    (a)     Whether Fire Rescue reported to the scene?

    (b)     Whether a claim was made against the Defendant?

    (c)     Whether a lawsuit was filed, and if so, please provide the case number?

6.     State the full name, address (or last known address), and telephone number (or last known telephone number) of each eyewitness known to the Defendant to all or part of Plaintiff's incident on September 27, 2019.

CACE-22-002330 DIV: 03

7.    State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, that are known to the Defendant who were at or near the scene of Plaintiff's incident within one (1) hour before the incident on September 27, 2019. This request seeks the Defendant to identify all persons that it can from any surveillance footage available to the Defendant in the area of the subject incident.

8.    State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, that the Defendant knows of who arrived at the incident scene within one (1) hour after Plaintiff's incident on September 27, 2019. This request seeks the Defendant to identify all persons that it can from any surveillance footage available to the Defendant in the area of the subject incident.

9.    State the full name, address (or last known address), telephone number (or last known telephone number), and title/position of the person(s) known to the Defendant who was *first made aware* of the Plaintiff's slip and fall incident on September 27, 2019 at the subject area.

10.   State the full name, address (or last known address), and telephone number (or last known telephone number) of each person(s) who investigated the facts and circumstances of Plaintiff's incident on September 27, 2019, for you or your insurance carrier. This request does not seek the information of any attorney who may have later investigated this matter.

11.   State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, who has given or provided a statement (in any form taken or given) concerning Plaintiff's incident on September 27, 2019**.**

12.   If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on September 27, 2019, state the full name and address of the person who made the report, the date it was made and who maintains custody of it.

13.   State the full name(s), address(es) (or last known address(es)), and telephone number(s) (or last known telephone number(s)) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

14.   Describe the frequency and times of any regular inspections made of the bays located at the Defendant's premises at 5524 S. Flamingo Road, Cooper City, FL 33330, for debris or substances on the floors prior to the Plaintiff's slip and fall incident on September 27, 2019. State the full name, address, and job title of the person who made the last inspection of the subject area.

15.   State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's slip and fall incident on September 27, 2019.

CACE-22-002330 DIV: 03

16.  State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's incident on September 27, 2019 or any photographs of the Plaintiff taken on September 27, 2019.  If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

17.  Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on September 27, 2019.

18.  If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on September 27, 2019, give a concise statement of the fact upon which you rely

19.  Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on September 27, 2019 as described in the Complaint?  If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention

20.  Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

21.  Did the Defendant have any security cameras operating on the premises of the subject property located at 5524 S. Flamingo Road, Cooper City, FL 33330 on September 27, 2019?  Additionally, did the Defendant have any security cameras operating in the general area where Plaintiff's incident occurred on September 27, 2019? If so, did the security cameras capture this incident as it occurred?

22.  Please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes at the time of the subject incident.

23.  Does Defendant have video recording footage from the day of the Plaintiff's fall on September 27, 2019, of the subject area and any video which depicts the Plaintiff including the two-hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

24.  Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

CACE-22-002330 DIV: 03

_____
AFFIANT

STATE OF FLORIDA            )
COUNTY OF _____ )


     BEFORE    ME,    the    undersigned    authority,    personally    appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

     SWORN    TO    AND    SUBSCRIBED    before    me    on    this    _____    day    of _____, 2022.


_____
NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE


My Commission Expires:
Personally known:
or Produced Identification:     _____
Type of Identification Produced:     _____

Case 0:22-cv-60587-JIC   Document 1-2   Entered on FLSD Docket 03/21/2022   Page 27 of 29

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**Yanet Garcia,**

           Plaintiff,

v.

**Bridgestone Retail Operations, LLC, d/b/a Tires Plus**

           Defendant.

_____/

CIVIL DIVISION

CASE NO.:  CACE-22-002330
DIV: 03

## PLAINTIFF'S AMENDED FIRST REQUEST FOR PRODUCTION TO DEFENDANT

The Plaintiff, **Yanet Garcia,** by and through the undersigned attorneys and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant, **Bridgestone Retail Operations, LLC, d/b/a Tires Plus**, produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, at Rubenstein Law, 9130 S. Dadeland Blvd, PH, Miami, FL 33156, the following:

1.     Any and all policies, protocols, guidelines, instructions, procedures, or other written documents that were in effect on September 27, 2019 which discuss, concern, relate and/or pertain to maintaining, cleaning, and/or preventing foreign substances from being on the floors of the bays at Defendant's subject property at 5524 S. Flamingo Road, Cooper City, FL 33330.

2.     Any and all policies, protocols, instructions, pamphlets, and/or procedures of the Defendant in effect on September 27, 2019 that discuss, relate, and/or concern having, downloading, preserving, and/or maintaining surveillance video for the subject property at 5524 S. Flamingo Road, Cooper City, FL 33330.

3.     Any photographs or videos taken by or on behalf of the Defendant that relate to the parties and/or scene of the alleged slip and fall incident on September 27, 2019 at 5524 S. Flamingo Road, Cooper City, FL 33330.

CACE-22-002330 DIV: 03

4.     Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5.     Any and all statements obtained from any non-party concerning any of the issues in this lawsuit.

6.     Any and all insurance policies that do or may provide coverage for any of the Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7.     Any and all surveillance or other video recordings depicting the interior and/or exterior of Defendant's property located at 5524 S. Flamingo Road, Cooper City, FL 33330 on September 27, 2019, including the two-hour period before the alleged incident and the two-hour period after the alleged incident. ***This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff***.

8.     All records, writings or other written memoranda concerning any other slip and fall incidents at the subject property where this incident occurred, within the three (3) years before the subject incident.

9.     A list of all city/county ordinances, regulations, rules, customs, practices and/or other publications that Defendant contends support any of the affirmative defenses asserted in its Answer to Plaintiff's Complaint.

10.    A ***blank copy*** of the Defendant's required incident/accident report forms that would have been completed by its employees in the event that a slip and fall occurred on the Defendant's property located at 5524 S. Flamingo Road, Cooper City, FL 33330 and that were in effect on September 27, 2019.

11.    Any and all incident reports or accident reports pertaining to the subject incident with **YANET GARCIA** described in Plaintiff's Complaint.

12.    A list of the names and addresses of all individuals and/or entities that were working at the Defendant's premises on the date of the incident on September 27, 2019.

13.    All documents, invoices, payments, work orders, etc., that show how frequently the subject property was inspected and/or cleaned on the date of Plaintiff's fall [September 27, 2019].

14.    A copy of any report created as a result of the Plaintiff's slip and fall incident on September 27, 2019, that was signed and/or filled out by the Plaintiff.

CACE-22-002330 DIV: 03

15.    A copy of any witness statement, incident report, or other document created as a result of the Plaintiff's incident on September 27, 2019.

16.    A map (aerial view) of the Defendant's property located at 5524 S. Flamingo Road, Cooper City, FL 33330 identifying the layout of the property as it existed on the date of the incident [September 27, 2019].

17.    A map and/or layout of where surveillance cameras are placed/utilized within the subject property on the date of the alleged incident [September 27, 2019] and what areas those surveillance cameras (if any) would depict and/or capture.

18.    Copies of any and all documents, photographs, and/or video that was identified in your Answers to Plaintiff's Interrogatories.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **Bridgestone Retail Operations, LLC, d/b/a Tires Plus.**

Dated this 9th day of March, 2022.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: jkirby@rubensteinlaw.com
        atello@rubensteinlaw.com
        eservice@rubensteinlaw.com

By:   /s/ *Jordan Kirby*_____
      **Jordan Kirby**
      Florida Bar No.: 67217